PP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Curtisha Shenise Scott Haynes,
Plaintiff,

v. Case No. 26-C-588

U.S. District Court
Wisconsin Eastern
APR 22 2026
FILED
Clerk of Court

CITY OF MILWAUKEE,
MILWAUKEE COUNTY,
CITY OF MILWAUKEE TREASURER,
CITY OF MILWAUKEE DEPARTMENT OF NEIGHBORHOOD SERVICES,
CITY OF MILWAUKEE POLICE DEPARTMENT,
MILWAUKEE COUNTY SHERIFF'S OFFICE,
CITY OF MILWAUKEE DEPARTMENT OF CITY DEVELOPMENT,
and UNKNOWN AGENTS,
Defendants.

AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this district under 28 U.S.C. § 1391.

II. PARTIES

4. Plaintiff is an individual residing in Milwaukee, Wisconsin.
5. Defendant City of Milwaukee is a municipal entity responsible for its departments and agents.
6. Defendant Milwaukee County is a governmental entity responsible for county operations.
7. Defendant City of Milwaukee Treasurer is responsible for foreclosure and property- related financial actions.
8. Defendant Department of Neighborhood Services (DNS) is responsible for housing enforcement.
9. Defendant Milwaukee Police Department (MPD) is responsible for law enforcement actions.
10. Defendant Milwaukee County Sheriff's Office is responsible for writ execution and courthouse enforcement.
11. Defendant Department of City Development (DCD) is involved in property-related actions tied to the subject premises.
12. Defendants include unknown agents acting under color of law.

III. FULL FACTUAL TIMELINE

A. Property & Foreclosure

13. Plaintiff inherited the property located at 2935 N. Vel R. Phillips Avenue, Milwaukee, Wisconsin.
14. On August 23, 2024, the City of Milwaukee Treasurer recorded acquisition of the property through in rem tax foreclosure.

15. On January 17, 2025, Plaintiff received a Notice of Right to Proceeds confirming the City claimed ownership as of August 23, 2024.

B. February 3, 2025 – DNS & MPD Contact

16. On February 3, 2025, DNS and MPD representatives came to the property.

17. Plaintiff was asked—not ordered—to leave due to lack of water service.

18. Officials simultaneously:

- Asserted habitability concerns
- Indicated the City already owned the property

19. This created a contradiction between ownership claim and enforcement basis.

C. Eviction Under Misidentification

20. Eviction proceedings were filed under the incorrect name "Curtisha Hayes."

21. On March 11, 2025, a default judgment was entered.

22. Plaintiff did not appear because proceedings were conducted under a materially incorrect identity.

D. March 15–24, 2025 – Writ & Property Events

23. On March 15, 2025, Plaintiff received a letter from the Milwaukee County Sheriff's Office.

24. On March 24, 2025:

- A writ of restitution was executed
- Property was boarded
- Plaintiff was not present
- No inventory or documentation was provided

25. Upon return:

- Most large property remained
- High-value items were missing:
  - Clothing
  - Shoes
  - Coats
  - Purses

E. March 25, 2025 – Sheriff Interaction

26. Plaintiff went to the Milwaukee County Sheriff's Office.

27. Plaintiff explained:

- No eviction existed under Plaintiff's correct name

28. Response:

- Dismissive
- No investigation
- No corrective action

F. MPD Post-Writ Conduct

29. Plaintiff was approached by MPD officers.

30. MPD stated:

- Property had been emptied by a contractor

31. Plaintiff stated:
- Property remained inside
- Only select items were missing

32. MPD:
- Disregarded Plaintiff's statements
- Prevented reentry

G. March 27–29, 2025 – Council Contact & Removal

33. On March 27, 2025, Plaintiff contacted the City of Milwaukee Common Council.

34. The City:
- Did not address misidentification
- Scheduled contractor access

March 29, 2025 – Property Removal

35. Plaintiff arrived at scheduled time.

36. Contractors had already begun removal.

37. Property was:
- Being placed on the curb
- Not inventoried

38. MPD:
- Denied Plaintiff entry

39. Plaintiff discovered:
- Missing money

40. MPD required proof and instructed Plaintiff to stop communicating.

H. April 2025 – City Hall

41. Plaintiff went to City Hall.

42. Plaintiff was told to contact Legal Aid.

43. No investigation occurred.

I. April–September 2025 – Document Submissions

44. Plaintiff submitted documents to:
- April 16 & May 18 – DNS
- May 6 & May 28 – City Treasurer
- May 6, May 28, July 10 – Comptroller
- May 6 – State judiciary
- May 28 – Sheriff
- May 28, July 11, August 27, September 28 – City Attorney
- June 9 – Governor
- July 9 – MPD

45. Documents included:
- Writ of Mandamus
- Affidavit of Facts

• Status correction
• Constitutional challenges
46. Filings were:
• Refused
• Redirected
• Not properly processed

J. July 10, 2025 – Council Meeting
47. Plaintiff attended a virtual Common Council meeting.
48. No corrective action was taken.

K. August 2025 – MPD Use of Force
49. Plaintiff encountered MPD while assisting a neighbor.
50. MPD:
• Used physical force
• Interfered with Plaintiff's activity

L. August 19, 2025 – Sheriff Filing
51. Plaintiff submitted documents to the Milwaukee County Sheriff and oversight bodies regarding violations.

M. September 5, 2025 – Sheriff Detention
52. At the courthouse, Plaintiff was assisting another individual.
53. Plaintiff was detained by the Milwaukee County Sheriff's Office.
54. Plaintiff was accused of:
• Resisting
• Obstruction
55. Plaintiff alleges:
• False imprisonment
• Unlawful search
• Excessive fines

N. September–November 2025 Legal Filings
56. September 11 – jurisdiction challenge filed
57. September 23 – writ of quo warranto filed
58. November 3 – constitutional challenge filed
59. November 5 – default judgment entered
60. November 12 – motion to vacate filed

O. January 9, 2026 – Property Sale Activity
61. A "For Sale" sign was placed on the property.
62. This occurred:
• After foreclosure dispute
• After eviction under misidentification

• While rights remained contested

IV. CLAIMS FOR RELIEF (Same legally valid counts preserved and aligned)
COUNT I — Due Process (Misidentification)
COUNT II — Unlawful Property Deprivation
COUNT III — Fourth Amendment Violations
COUNT IV — False Imprisonment
COUNT V — Takings Clause
COUNT VI — Access to Courts
COUNT VII — Monell Liability
COUNT VIII — Civil Conspiracy
COUNT IX — Conversion
COUNT X — Declaratory Relief

V. PRAYER FOR RELIEF
Plaintiff requests:

- Declaratory relief
- Injunctive relief (stop sale)
- Compensatory damages
- Punitive damages
- Costs and fees
- Any further relief deemed just

VI. JURY DEMAND
Plaintiff demands trial by jury.

VII. SIGNATURE
Curtisha Shenise Scott Haynes
Plaintiff, Pro Se

Date: 4/20/2026